## PETTY v. DOE ex dem. GRAHAM.

1. In an action of ejectment, a notice to quit is not rendered necessary, by proof of a contract between the defendant, and a stranger, between whom and the lessor of the plaintiff, no connection is shown in respect to the title of the property.

Writ of Error to the Circuit Court of Mobile. Before the Hon. John Bragg.

This was an action of ejectment for the recovery of certain real estate, situated in the city of Mobile. The defendant confessed lease, entry and ouster, pleaded not guilty, alledged that he was in possession under an adverse claim of title for more than three years previous to the institution of this suit, and had made permanent and valuable improvements on the premises since the year 1836.

On the trial, the defendant excepted to the ruling of the presiding judge. The facts, so far as material, may be thus condensed: Defendant went into the possession of the premises under the instruction, and by the permission of Joshua Kennedy, and was to remain in possession until Kennedy should otherwise order, who upon the payment of $700 by the defendant, agreed to make a title to the latter. It was also proved that buildings had been erected on the premises since the year 1836, of the value of $75, by the defendant.

The defendant's counsel prayed the court to charge the jury, that the defendant was entitled to notice to quit before an action could be commenced against him, which charge was refused; and thereupon the defendant excepted. The jury returned a verdict for the plaintiff for a part of the premises described in the declaration, without finding any damages for the rents, or the value of the improvements; and judgment was rendered accordingly.

J. Test, for the plaintiff in error.

A. F. Hopkins, for the defendant in error.

COLLIER, C. J.—The judgment entry affirms that the defendant pleaded guilty; but this we think must be a mistake, as the verdict finds the defendant guilty of withholding the possession of a part only of the land sought to be recovered. It does not appear that there is any connection between the plaintiff's lessor and Joshua Kennedy, certainly not that the former deduced a title from, or held under him. We cannot then perceive how a contract between the defendant and Kennedy can devolve a duty upon the lessor of the plaintiff, if his right was paramount to, and independent of the claim of Kennedy. There is nothing in the record to indicate that the latter had even the semblance of title, and the court could not upon the prayer for instructions, assume such to be the fact. If then the plaintiff's title is not subordinate to Kennedy's, or derived through him, a notice to the defendant to yield up the possession was not a pre-requisite to the plaintiff's right to sue; however imperative it might be

72

on Kennedy, were he the actor against the defendant. This view is decisive to show that the charge prayed was properly refused, and the judgment is therefore affirmed.